No. 14-36049

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

ELIZABETH E. NESBITT; ALAN C. BAKER,

Plaintiffs-Appellees,

v.

U.S. ARMY CORPS OF ENGINEERS; JOHN McHUGH, Secretary of the Army; THOMAS BOSTICK, Lieutenant General, Commanding General and Chief of Engineers; JOHN S. KEM, Colonel, Northwestern Division Commander; ANDREW D. KELLY, Lieutenant Colonel, Walla Walla District Commander and District Engineer,

Defendants-Appellants.

On Appeal from the U.S. District Court for the District of Idaho,
Civil Action No. 3:13-cv-00336-BLW
The Honorable B. Lynn Winmill, U.S. District Court Judge

## APPELLEES' SUPPLEMENTAL
## EXCERPTS OF RECORD

Steven J. Lechner
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
lechner@mountainstateslegal.com

Attorney for Plaintiffs-Appellees

# INDEX

**Document**                                                                    **SER Page**

Declaration of Alan C. Baker (Dkt. No. 9)......................................  1

Declaration of Elizabeth E. Morris (Dkt. No. 10) ........................  6

Information Paper, Civil Works Program Statistics
    (Dkt. No. 18-2).............................................................  11

Second Declaration of Alan C. Baker (Dkt. No. 33-1)..................  13

Second Declaration of Elizabeth E. Morris (Dkt. No. 33-2) ..........  15

Certification of the Administrative Record ...................................  17

Plaintiffs' Cross-Motion for Summary Judgment (Dkt. No. 54)....  19

Plaintiffs' Statement of Undisputed Material Facts
    (Dkt. No. 54-2).............................................................  22

Plaintiffs' Response to Defendants' Statement of Material Facts
    (Dkt. No. 54-3).............................................................  30

Judgment (Dkt. No. 68) ................................................................  36

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

ELIZABETH E. MORRIS; and
ALAN C. BAKER,

                Plaintiffs,

    v.

U.S. ARMY CORPS OF ENGINEERS,
et al.,

             Defendants.

Case No.

**DECLARATION OF ALAN C. BAKER**

I, Alan C. Baker, declare as follows:

1.    I am over 18 years of age and I am competent to testify from my first-hand knowledge as to the matters set forth in this Declaration.

2.    I am a citizen of the United States and have resided in Latah County, Idaho, for six years.

3.    I am a NRA-Certified Home Firearm Safety, Personal Protection In The Home, Rifle, Pistol, and Shotgun Instructor, as well as a Utah-certified Concealed Firearms Instructor. I am licensed to carry a concealed handgun pursuant to the laws of the States of Idaho, Utah, Oregon, and Arizona. True and accurate copies of these credentials are attached hereto as Exhibit Baker-1.

4.    I am over 21 years old, have no history of substance abuse, have no criminal record, am not subject to a protection order, have demonstrated competency with a handgun, and have been approved by the Latah County Sheriff to carry a concealed handgun almost everywhere in the State.

5.    I regularly carry a handgun for self-defense.

6.      I am a life-long outdoorsman.  I regularly camp and hunt in Idaho and have concrete plans to camp on Corps-administered public lands in the future.

7.      I fear arrest, prosecution, incarceration, and/or fine if I were to possess a functional firearm while recreating on lands administered by Defendants.

8.      On March 22, 2013, I secured a reservation for a campsite at Dent Acres for May 31, 2013, to June 2, 2013.  A true and accurate copy of that reservation is attached hereto as Exhibit Baker-2.

9.      On April 22, 2013, my counsel contacted District Commander Andrew D. Kelley by letter to request that he recognize my right to bear arms pursuant to 36 C.F.R. § 327.13(a)(4).  A true and accurate copy of that letter is attached hereto as Exhibit Baker-3.

10.     To date, I have received no response from District Commander Kelley.

11.     On May 31, 2013, I camped at Dent Acres as planned, but I could not exercise my right to keep and bear arms due to Defendants' active enforcement of 36 C.F.R. § 327.13.

12.     I have reservations to camp at the Corps-administered campground at Macks Creek Park at Lucky Peak Lake from September 27, 2013, to September 29, 2013.  A true and accurate copy of that reservation is attached hereto as Exhibit Baker-4.

13.     Macks Creek Park is in the Walla Walla District.

14.     But for Defendants' active enforcement of 36 C.F.R. § 327.13, I would possess a functional firearm while recreating on Corps-administered public lands.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

2

SER02

DATED this _29th_ day of July 2013.

Alan C. Baker

3

SER03



MOUNTAIN
STATES
LEGAL
FOUNDATION

2596 South Lewis Way
Lakewood, Colorado 80227
303-292-2021 • FAX 303-292-1980
www.mountainstateslegal.org

April 22, 2013

**CERTIFIED MAIL**
**RETURN RECEIPT # 7004 2510 0006 1985 7096**

Lieutenant Colonel Andrew D. Kelly
Walla Walla District Commander and District Engineer
U.S. Army Corps of Engineers
201 North 3rd Avenue
Walla Walla, Washington 99362

      Re:    Army Corps Firearms Ban, 36 C.F.R. § 327.13

Dear Lieutenant Colonel Kelly:

     I write on behalf of my client, Alan Baker. Mr. Baker is a NRA-Certified Home Firearm Safety, Personal Protection In The Home, Rifle, Pistol, and Shotgun Instructor, as well as a Utah Certified Concealed Firearms Instructor. He is licensed in Idaho, Utah, Oregon, and Arizona to carry a concealed handgun. He is also an avid outdoorsmen and he regularly camps throughout Idaho, Nevada, Washington, and Montana. Mr. Baker is also a board member of the Idaho Sport Shooters Alliance, a statewide group dedicated to defending the constitutional rights to keep and bear arms in Idaho.

     Mr. Baker plans to camp on Army Corps of Engineers ("Corps") property in the Walla Walla District. Specifically, Mr. Baker has a reservation to camp at Dworshak Dam and Reservoir from May 31, 2013, to June 2, 2013. He also has plans to return to Dworshak and/or other Corps property to camp later this summer. Mr. Baker regularly carries a handgun for self-defense, and when Mr. Baker camps he carries a firearm for personal protection.

     Mr. Baker intends to exercise his right to bear arms on Corps property, but is prevented from doing so by the Corps's regulatory firearms ban, 36 C.F.R. § 327.13 (The possession of loaded firearms, ammunition, loaded projectile firing devices, bows and arrows, crossbows, or other weapons is prohibited . . . ."). Mr. Baker fears prosecution under 36 C.F.R. § 327.13 if he carries a firearm on Corps property or possesses a firearm in his tent. Moreover, the threat of prosecution remains even if he stores a firearm in his car while camping, boating, or otherwise recreating, because he normally must park on Corps property.

     The Corps's total ban on firearms possession violates "the individual right to possess and carry weapons in case of confrontation" protected by the Second Amendment. *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008); *McDonald v. Chicago*, 561 U.S. ___, 130 S.Ct.

*Fighting for individual liberty, the right to own and use property,*
*limited and ethical government, and the free enterprise system since 1977.*

Lieutenant Colonel Andrew D. Kelly
April 22, 2013
Page 2

3020, 3042 (2010). This regulatory prohibition is broader than the federal statute governing firearms on federal land, which recognizes the right of individuals to possess firearms in most federal facilities "incident to hunting or other lawful purposes." 18 U.S.C. § 930(d)(3).

The broad reach of 36 C.F.R. § 327.13 "makes it impossible for citizens to use [firearms] for the core lawful purpose of self-defense and is hence unconstitutional." *Heller*, 554 U.S. at 630. My client's right to bear arms is violated by 36 C.F.R. § 327.13 when he is traveling to, from, or through publicly-accessible Corps property because the regulatory ban does not even allow individuals to safely store a firearm in their vehicles. An individual who has a functional firearm in his glove compartment for self-defense would violate the Corps ban simply by driving onto Corps property. The Corps's regulatory ban effectively denies the right to keep and bear arms not just on Corps property, but everywhere a law-abiding gun owner travels before and after visiting Corps property.

Mr. Baker respectfully requests that you recognize his right to bear arms pursuant to your authority under 36 C.F.R. § 327.13(a)(4). Given Mr. Baker's upcoming May 31 camping trip and his future camping plans, I will treat this request as denied if I do not receive a response within 30 calendar days of your receipt of this letter. If you decide not to recognize his right to bear arms, my client will avail himself of other legal remedies available to him.

Thank you for your consideration in this matter.

Sincerely,

MOUNTAIN STATES LEGAL FOUNDATION

James M. Manley
Staff Attorney

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

ELIZABETH E. MORRIS; and
ALAN C. BAKER,

                    Plaintiffs,

          v.

U.S. ARMY CORPS OF ENGINEERS,
et al.,

                    Defendants.

Case No.

**DECLARATION OF
ELIZABETH E. MORRIS**

I, Elizabeth E. Morris, declare as follows:

1.      I am over 18 years of age and I am competent to testify from my first-hand knowledge as to the matters set forth in this Declaration.

2.      I am a citizen of the United States and have resided in Nez Perce County, Idaho, for three years.

3.      Due to threats and physical attacks made against me by a former neighbor, the Nez Perce County Sheriff issued me an emergency license to carry a concealed handgun in 2012. A true and accurate copy of that license is attached hereto as Exhibit Morris-1.

4.      I am over 21 years old, have no history of substance abuse, have no criminal record, am not subject to a protection order, have demonstrated competency with a handgun, and have been approved by the Nez Perce County Sheriff to carry a concealed handgun almost everywhere in the State.

5.      I regularly carry a handgun for self-defense.

6.      I regularly recreate on lands and waters administered by Defendants during the summer.

1

SER06

7. I fear arrest, prosecution, incarceration, and/or fine if I were to possess a functional firearm while recreating on Corps-administered public lands.

8. I use Corps-administered public lands near the Snake River in Lewiston, Idaho, to boat with friends, regularly walk the Corps-administered paths in the area with my dog and/or my family, and must travel across Corps-administered public lands to reach Hells Gate State Park.

9. These Corps-administered public lands are in the Walla Walla District and include the Lower Granite Lake Greenbelt Trail, Swallows Park, the Lewiston Levee Parkway, and the Lewiston Levee Recreation Trail.

10. I also frequent Dworshak Dam and Reservoir and the surrounding areas to hike.

11. I have considered camping at Dworshak, but have decided not to because Defendants' regulations make it unlawful for me to possess a functional firearm while camping.

12. In summer 2012, I used Corps-administered public lands approximately 1–2 times a week.

13. I have done exactly the same in summer 2013 and plan to continue to do so in the future.

14. Security personnel do not electronically screen persons using the Corps-administered public lands I frequent to determine whether persons are carrying firearms or weapons of any kind.

15. Security personnel do not restrict access to the Corps-administered public lands I frequent to only those persons who have been screened and determined to be unarmed.

SER07

16.     On June 10, 2013, my counsel contacted District Commander Andrew D. Kelly by letter to request that he recognize my right to bear arms pursuant to 36 C.F.R. § 327.13(a)(4). A true and accurate copy of that letter is attached hereto as Exhibit Morris-2.

17.     To date, I have received no response from District Commander Kelley.

18.     But for Defendants' active enforcement of 36 C.F.R. § 327.13, I would possess a functional firearm while recreating on Corps-administered public lands.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this **30th** day of July 2013.


Elizabeth E. Morris

3

SER08



**MOUNTAIN
STATES
LEGAL
FOUNDATION**

2596 South Lewis Way
Lakewood, Colorado 80227
303-292-2021 • FAX 303-292-1980
www.mountainstateslegal.org

June 10, 2013

**CERTIFIED MAIL
RETURN RECEIPT #7000 0520 0023 3266 1490**

Lieutenant Colonel Andrew D. Kelly
Walla Walla District Commander and District Engineer
U.S. Army Corps of Engineers
201 North 3rd Avenue
Walla Walla, Washington 99362

Re:   Army Corps Firearms Ban, 36 C.F.R. § 327.13

Dear Lieutenant Colonel Kelly:

I write on behalf of my client, a young woman who resides in Nez Perce County, Idaho. Due to threats and physical attacks made against her by a former neighbor, the Nez Perce County Sheriff issued my client an emergency license to carry a concealed handgun in 2012. She regularly carries a handgun for self-defense.[1]

My client's summertime recreation regularly takes her to lands and waters administered by the Corps. Specifically, she uses Army Corps lands near the Snake River in Lewiston, Idaho, to set out boating with friends, regularly walks the Army Corps paths in the area with her dog and/or her family, and also must travel across Corps-administered property to reach Hells Gate State Park. She also frequents Dworshak Dam and the surrounding areas to hike and swim. Last summer she used Corps-administered property approximately 1–2 times a week. She plans to do exactly the same this summer.

My client intends to exercise her right to bear arms on Corps property, but is prevented from doing so by the Corps's regulatory firearms ban, 36 C.F.R. § 327.13 (The possession of loaded firearms, ammunition, loaded projectile firing devices, bows and arrows, crossbows, or other weapons is prohibited . . . ."). My client fears prosecution under 36 C.F.R. § 327.13 if she carries a firearm on Corps property. Moreover, the threat of prosecution remains even if she stores a firearm in her car while hiking, boating, or otherwise recreating, because she normally must park on Corps property.

---

[1] The unstable individual who made these threats and physical attacks knows my client by name. Accordingly, she does not wish to broadcast the fact that she is regularly disarmed due to 36 C.F.R. § 327.13. *See United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981). Please feel free to contact me if you have questions about my client's identity.

*Fighting for individual liberty, the right to own and use property,
limited and ethical government, and the free enterprise system since 1977.*

SER09

Lieutenant Colonel Andrew D. Kelly
June 10, 2013
Page 2

The Corps's total ban on firearms possession violates "the individual right to possess and carry weapons in case of confrontation" protected by the Second Amendment. *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008); *McDonald v. Chicago*, 561 U.S. ___, 130 S.Ct. 3020, 3042 (2010). This regulatory prohibition is broader than the federal statute governing firearms on federal land, which recognizes the right of individuals to possess firearms in most federal facilities "incident to hunting or other lawful purposes." 18 U.S.C. § 930(d)(3).

The broad reach of 36 C.F.R. § 327.13 "makes it impossible for citizens to use [firearms] for the core lawful purpose of self-defense and is hence unconstitutional." *Heller*, 554 U.S. at 630. My client's right to bear arms is violated by 36 C.F.R. § 327.13 when she is traveling to, from, or through publicly-accessible Corps property because the regulatory ban does not even allow individuals to safely store a firearm in their vehicles. An individual who has a functional firearm in her glove compartment for self-defense would violate the Corps ban simply by driving onto Corps property. The Corps's regulatory ban effectively denies the right to keep and bear arms not just on Corps property, but everywhere a law-abiding gun owner travels before and after visiting Corps property.

My client respectfully requests that you recognize her right to bear arms pursuant to your authority under 36 C.F.R. § 327.13(a)(4). Given my client's plans to recreate on Corps-administered property this summer, I will treat this request as denied if I do not receive a response within 30 calendar days of your receipt of this letter. If you decide not to recognize her right to bear arms, my client will avail herself of other legal remedies available to her.

Thank you for your consideration in this matter.

Sincerely,

MOUNTAIN STATES LEGAL FOUNDATION

James M. Manley
Staff Attorney

**INFORMATION PAPER**

CECW-ZD
20 March 2013

**SUBJECT:**   Civil Works Program Statistics

**PURPOSE:**   To provide a scope of the Civil Works mission carried out by the U.S. Army Corps of Engineers. *Statistics are as of 30 September 2012, or for the fiscal year ending that date, unless otherwise specified as most recent data available.*

**FACTS:**

1. PEOPLE
--Civilian employee work years (FTE's): **23,033**
--Military personnel authorized: **294**

2. DIVISIONS & DISTRICTS:
-- Number of division offices with Civil Works mission: **8**
-- Number of district offices: **38**

3. FUNDING:
--Fiscal Year 2012 appropriations: **$6.721 billion**.
(**$4.997 billion** regular plus **$1.724 billion** supplemental for repair/ rehabilitation of projects affected by 2011 Floods)
*USACE is operating under a Continuing Resolution in FY13 at FY12 regular appropriation levels plus 0.612% until 27 Mar 13.*
   -- Construction: **$1.694 billion**
   -- Operation and Maintenance: **$2.946 billion**
   -- Mississippi River and Tributaries: **$1.054 billion**
   -- Investigations (e.g. new project studies): **$125 million**
   -- Regulatory Program: **$193 million**
   -- Flood Control & Coastal Emergencies: **$415 million**
   -- Formerly Used Sites Remedial Action Pgm. (FUSRAP radiological environmental cleanup): **$109 million**
   -- Expenses and Other: **$185 million**
-- Other Revenue (estimated)
   -- Non-Federal (cost-sharing - estimated): **$540 million**
   -- Coastal Wetlands Restoration Trust: **$85 million**
   -- Permanent Appropriation: **$15 million**
-- Total program: **$7.361 billion**

4. FUNDING BY BUSINESS LINE (FY 2012, regular appropriation only):
   -- Navigation: **$1.883 billion (37.7%)**
   -- Flood Risk Management: **$1.425 billion (28.5%)**
   -- Environmental (Including FUSRAP& Infrastructure): **$751 million (15.0%)**
   -- Regulatory Programs: **$193 million (3.9%)**
   -- Hydropower: **$192 million (3.8%)**
   -- Recreation: **$243 million (4.9%)**
   -- Water Supply: **$6 million (0.1%)**
   -- Emergency Management: **$119 million (2.4%)**
   -- Executive Direction & Other: **$185 million (3.7%)**

5. APPROPRIATIONS FOR CIVIL WORKS, PAST 50 YEARS (FY 1963-2012 reg. & supp) **$210,975,938,000**
-- Adjusted for inflation to Sep 2012: **$406,739,617,000**

6. PROJECTS UNDER CONSTRUCTION, FY 12: **933**
-- Specifically authorized by Congress: **500**
   -- Flood Risk Management: **236**
   -- Hydropower: **19**
   -- Navigation: **72**
   -- Environmental Restoration: **62**
   -- Environmental Infrastructure: **57**
   -- Shoreline erosion: **54**
-- "Continuing Authorities" Projects: **404** (Nine authorities, including environmental)
-- FUSRAP: **29**

7. FUNDS OBLIGATED: (Current program and prior year funding carryover): **$6,744.132,000**

8. CONTRACTS LET: **$4.76 billion**
   -- To Small Businesses: **$2.31 billion (48.5%)**
   -- Small Disadvantaged Firms: **$898 million (18.9%)**

9. DAMS owned/operated by Corps (all purposes) **702**
-- Tallest dam: **Dworshak Dam, North Fork Clearwater River, ID, 717 ft.**
-- Largest reservoir: **Lake Sakakawea, Garrison Dam, ND, 24,500,000 acre-feet**
-- Largest embankment dam (in entire U.S.): **Fort Peck Dam, Missouri River, MT, 125,628,000 cubic yards**

10. REAL ESTATE
-- USACE owns **136,000 land tracts, totaling more than 7.6 million acres (~11,875 square miles)**
-- USACE manages another **4.1 million acres (~6,400 square miles)**
--Total lake surface area at full pool: **26.25 million acres (41,015 square miles–area slightly larger than Kentucky)**
--Largest lake: **Lake Oahe, ND & SD, 587.5 square miles**

11. NAVIGATION
-- States directly served by Corps ports & waterways: **41 (including all States east of Mississippi River)**
-- Commercial deep draft channels (greater than 14 feet deep) operated/maintained: **13,000 miles**
-- Commercial inland channels operated/ maintained: **12,000 miles** (would stretch halfway around the world)
-- Percentage of U.S. domestic freight carried by water (by ton-miles, excluding air & pipeline): **16%**
-- Navigation lock chambers: **239, at 193 sites**
   --Corps operated and maintained: **227, at 185 sites**
   --Locks chambers in operation over 50 years old: **139**; Average age of locks: **59.1 years**
   --Combined lift of all Corps locks: **6,791 ft.**
   --Highest: **John Day Lock, Columbia R., OR, 113 ft.**
   -- Most cargo moved: **Ohio R. Lock #52, 91.4 million tons** (FY 2012)
-- Coastal, Great Lakes and inland harbors maintained: **926**
   --Harbors handling over 250,000 tons of cargo: **179** (153 Coastal, including 42 Great Lakes, 26 inland)
   --Port handling most cargo: **South Louisiana, 246.5 million tons**
   --Value of foreign commerce handled at ports: **$1.724 trillion**
-- Tonnage handled by U.S. ports and waterways: **2,367.5 million tons**
   --Inbound foreign: **869.1 million tons**, Outbound foreign: 610.4 million tons, Domestic: **887.9 million tons**
   --Major commodities: **Crude oil, 472.5 million tons; petroleum products, 531.3 million tons; coal & coke, 325.6 million tons; food & farm products, 283.0 million tons**

SER11

Exhibit 1

## 12. DREDGING
-- Material dredged (construction and maintenance, preliminary FY 2012 data): **235 million cubic yards**
-- Cost: **$1,211 million.** Average cost per cubic yard: **$5.15**
-- Percentage of material dredged by private firms: **81.3%**
    -- Companies dredging for Corps: **63 (42 small businesses)** submitted **347 bids** for **160 contracts** (45 of which went to small & emerging businesses)
    -- Percentage of dredging funds going to contractors: **90.3%**
-- Corps-owned dredges: **11 (4 hopper, 7 other)**

## 13. FLOOD RISK MANAGEMENT
--Dams managed by Corps: **702 at 556 projects**
--Federal levees built or controlled by Corps: **~14,501 miles**
--Damages prevented by Corps projects, 2012: **$149.6 billion**
    --Damages prevented by Miss. and Missouri River flood risk reduction systems in 2011 floods: **$118 billion**
--Average annual damages prevented by Corps projects (2003-2012): **$37.1 billion**
--Damages prevented per $1 invested (adjusted for inflation), 1928-2012: **$7.89**

## 14. ENVIRONMENTAL PROTECTION & RESTORATION
--Largest projects ($20M+ in FY11):
    **South Florida Ecosystem Restoration Program**
    **Columbia River Fish Mitigation**
    **Missouri River Fish & Wildlife Recovery**

## 15. REGULATORY PROGRAM
--Final Actions, FY12: ~ **90,000**
    --Standard Permits and Letters of Permission: ~**3,800**
    --Activities covered by Regional General Permits: ~**16,000**
    --Covered by Programmatic General Permits: ~**8,000**
    --Covered by Nationwide Permits: ~**33,000**
    --Permits Denied: **167**
    --Permits Modified: ~**3,100**
    --Applications Withdrawn: ~**9,800**
    -- "No Permit Required" Determinations: ~**10,700**
--Percent of minor permits completed within 60 days: ~**89%**
--Jurisdictional Determinations: ~**58,000**
--Number of approved mitigation banks: **over 1,100**
--Compliance visits done on ~**12%** of mitigation sites and ~**35%** of mitigation banks or In Lieu Fee sites

## 16. HYDROPOWER
--Number of projects in operation: **75**, with **353** generating units
--Installed generating capacity: **23,900 megawatts**
--Largest USACE power plants:
    --Capacity - **2,611 megawatts, Chief Joseph Dam, Columbia River, WA**
    --Most units: **27, Chief Joseph Dam, Columbia R., WA**
    --Largest generating unit: **220 megawatts, Dworshak Dam, North Fork Clearwater River, ID**
--Annual power generation: **77.4 billion kilowatt-hours**
--Annual gross revenue generated: ~**$5 billion**
--Repayment to U.S. Treasury from power sales (estimate): **$1.5 billion**
-- Rank among U.S. hydropower producers: **#1**
--USACE owns & operates **24%** of U.S. hydropower capacity, or **3%** of total U.S. electric capacity
--FERC licensed non-federal power plants at Corps facilities (not counted above): **60**, with **2,300 megawatts** capacity

## 17. RECREATION
--Rank among Federal providers of Outdoor Recreation: **#1**
--Visits per year: **370 million**
-- **10%** of U.S. population visits a Corps project at least once each year
--Number of sites: **4,248 at 422 projects** (mostly lakes)
    --**more than 90% of the lakes are near metropolitan areas (within 50 miles of a MSA)**
--Land & water used for recreation: **12 million acres**
    --USACE hosts **20%** of visits to Federal recreation areas on **2%** of Federal lands
--Miles of shoreline: **54,879**
--Number of campsites: **92,844**
--Miles of trails: **7,700**
--Number of boat launch ramps: **3,544**
--Share of all U.S. freshwater lake fishing: **33%**
    --**20,000 fishing tournaments a year**
--Spent by visitors at Corps projects: **$16 billion**
    --Jobs (full or part time) supported by visitation: **270,000**
-- Marinas on Corps projects: **511**, with gross fixed assets of **$1 billion**
--Volunteers at Corps projects: **53,000**; Hours worked: **1.9 million**, Value of their labor: **$43 million**

## 18. WATER SUPPLY
--Total capacity of Corps lakes: **329.2 million acre-feet**
--Total authorized municipal & industrial water supply storage: **9.76 million acre-feet**
--Projects with authorized municipal & industrial water supply storage: **134 in 25 States**
--Dollars returned to U.S. Treasury per $1 funded (not adjusted for inflation), 2007-2011: **$10.44.**
--Yield from water supply storage: **6.5 billion gallons per day** (sufficient to provide daily indoor needs of **96 million households**)
--Projects with authorized irrigation storage: **38, in 12 States**
    --Joint use storage space for irrigation and other purposes; **70.97 million acre-feet**
-- Acres irrigated: **2.38 million (3,719 square miles)**

## 19. EMERGENCY OPERATIONS
-- Largest events: **Continued recovery from Mississippi and Missouri River Floods; Hurricane Irene; Tropical Storm Lee; "October Surprise" Snowstorm (Northeast U.S.); Midwest Drought (channel dredging and rock removal in Mississippi River); Ohio Valley/Mid Atlantic "Derecho" (Jun 2012); Hurricane Isaac (New Orleans Area, Aug 2012)**

## 20. SUPPORT TO OTHER (NON-DEFENSE) AGENCIES:
-- Number of Federal agencies supported: **70+**
-- Expenditures for FY12: **$ 1.6 billion**
-- Biggest Customers:
    **Dept. of Homeland Security – Customs & Border Protection, $511 million**
    **Dept. of Veterans Affairs, $340 million**
    **Environmental Protection Agency, $298 million**
    **Dept. of Homeland Security – Federal Emergency Management Agency, $94 million**
    **Dept. of State, $25 million**

## 21 SUPPORT TO OPERATION *ENDURING FREEDOM*:
-- Personnel engaged (17 Dec 2012): **814 (92 military/722 civilian)**

SER12

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

ELIZABETH E. MORRIS; and
ALAN C. BAKER,

      Plaintiffs,

   v.

U.S. ARMY CORPS OF ENGINEERS,
et al.,

      Defendants.

Case No. 3:13-CV-00336-BLW

**DECLARATION OF ALAN C. BAKER**

I, Alan C. Baker, declare as follows:

1.  I am over 18 years of age and I am competent to testify from my first-hand knowledge as to the matters set forth in this Declaration.

2.  I am a citizen of the United States and have resided in Latah County, Idaho, for six years.

3.  I am a life-long outdoorsman. For the last 15 years I have regularly camped and hunted in Idaho. On several occasions, I have camped on Corps-administered public lands, including Chief Timothy Park at Lower Granite Lake and Dent Acres Campground at Dworshak Dam and Reservoir.

4.  I have concrete plans to camp on Corps-administered public lands in the future.

5.  When the Complaint in this case was filed, I had a reservation to camp at Macks Creek Park at Lucky Peak Lake from September 27, 2013, to September 29, 2013.

6.  On September 28, 2013, I attended a local training class to become a NRA Certified Instructor in Personal Protection Outside the Home. Accordingly, I was unable to camp at Macks Creek Park as planned.

7.     On September 11, 2013, I secured a reservation for a cabin at Chief Timothy Park at Lower Granite Lake for November 1, 2013, to November 2, 2013.  A true and accurate copy of that reservation is attached hereto as Exhibit Baker-5.

8.     On November 1, 2013, to November 2, 2013, I stayed at Chief Timothy Park as planned, but I could not exercise my right to keep and bear arms due to Defendants' active enforcement of 36 C.F.R. § 327.13.

9.     On November 4, 2013, I secured a reservation for a cabin at Chief Timothy Park at Lower Granite Lake for April 25, 2014, to April 26, 2014.  A true and accurate copy of that reservation is attached hereto as Exhibit Baker-6.

10.     Lower Granite Lake and Chief Timothy Park are Corps properties in the Walla Walla District.

11.     I have concrete plans to make a reservation for a campsite at Dent Acres Campground at Dworshak Dam and Reservoir for June 2014; however, the www.recration.gov reservation system will not allow me to make such a reservation until December 13, 2013. Therefore, I intend to make a reservation for a campsite at Dent Acres Campground on or about December 13, 2013.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this _20th_ day of November 2013.

Alan C. Baker

2

SER14

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF IDAHO

ELIZABETH E. MORRIS; and
ALAN C. BAKER,

                Plaintiffs,

    v.

U.S. ARMY CORPS OF ENGINEERS,
et al.,

                Defendants.

Case No. 3:13-CV-00336-BLW

**DECLARATION OF
ELIZABETH E. MORRIS**

I, Elizabeth E. Morris, declare as follows:

1.         I am over 18 years of age and I am competent to testify from my first-hand knowledge as to the matters set forth in this Declaration.

2.         I am a citizen of the United States and have resided in Nez Perce County, Idaho, for three years.

3.         I regularly use Corps-administered public lands near the Snake River in Lewiston, Idaho, during the winter to walk my and my parents' dogs. I walk the dogs at least once per week.

4.         I will walk the dogs on these public lands during the winter of 2013–2014 at least once per week.

5.         These Corps-administered public lands are in the Walla Walla District and include the Lower Granite Lake Greenbelt Trail, Swallows Park, the Lewiston Levee Parkway, and the Lewiston Levee Recreation Trail.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 21 day of November 2013.

1

Elizabeth E. Morris

WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
**JOANNE P. RODRIGUEZ, IDAHO STATE BAR NO. 2996**
**ASSISTANT UNITED STATES ATTORNEY**
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1414
Joanne.Rodriguez@usdoj.gov

     Attorneys for Defendants

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELIZABETH E. MORRIS and ALAN C. BAKER, | Case No. 3:13-CV-00336-BLW |
| Plaintiffs, | **CERTIFICATION OF THE ADMINISTRATIVE RECORD** |
| v. | |
| U.S. ARMY CORPS OF ENGINEERS et al., | |
| Defendants. | |

    I, Stephen B. Austin, am currently employed as a Natural Resources Manager for the U.S. Army Corps of Engineers, Headquarters, 441 G Street NW, Washington, D.C. In that capacity, I was responsible for overseeing the most recent promulgation of the U.S. Army Corps of Engineers' (Corps) rules on the public use of Water Resources Development projects administered by the Corps.

    I certify that the documents identified in the attached Index to the Administrative Record are a true and correct copy of all non-privileged materials located by the Corps that comprise the administrative record to the 36 C.F.R. Part 327, Final Rule, "Public Use of Water Resources Development Projects Administered by the Chief of Engineers" published in the Federal Register on February 11, 2000 (65 Fed. Reg. 6896).

**CERTFICATION OF THE ADMINISTRATIVE RECORD - 1**

After an extensive search, the Corps was unable to locate original copies of the public comments that the Corps received in response to the 36 C.F.R. Part 327, Notice of Proposed Rulemaking, "Public Use of Water Resources Development Projects Administered by the Chief of Engineers" published in the Federal Register on July 20, 1999 (64 Fed. Reg. 38,854). Additionally, the Corps was unable to locate a hard-copy file compiled between 1984 and 1986 that contained the comprehensive history and rationale behind 36 C.F.R. Part 327 up until the time the file was created.

In accordance with 28 U.S.C. § 1746, I certify and declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: April 21, 2014

Stephen B. Austin

**CERTFICATION OF THE ADMINISTRATIVE RECORD - 2**

James M. Manley, Esq. (CO No. 40327)
(*admitted pro hac vice*)
Steven J. Lechner, Esq. (CO No. 19853)
(*admitted pro hac vice*)
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
jmanley@mountainstateslegal.com
lechner@mountainstateslegal.com

John L. Runft, Esq. (ISB No. 1059)
Runft and Steele Law Offices, PLLC
1020 West Main Street, Suite 400
Boise, Idaho 83702
(208) 333-8506
(208) 343-3246 (facsimile)
jrunft@runftsteele.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELIZABETH E. MORRIS and ALAN C. BAKER, | |
| Plaintiffs, | Case No. 3:13-CV-00336-BLW |
| v. | **PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT** |
| U.S. ARMY CORPS OF ENGINEERS, *et al.*, | |
| Defendants. | |

Plaintiffs, by and through their undersigned attorneys, respectfully move pursuant to Fed.

R. Civ. P. 56 for summary judgment because Plaintiffs are entitled to judgment as a matter of

law with respect to both of their claims.  Pursuant to the Parties' agreement and this Court's

February 27, 2014, Scheduling Order (Dkt. 45), support for this Motion and Plaintiffs' response

in opposition to Defendants' Motion for Summary Judgment is contained in the Memorandum In

SER19

Support Of Plaintiffs' Cross-Motion For Summary Judgment And Response In Opposition To Defendants' Motion For Summary Judgment, which is filed concurrently herewith. Plaintiffs have also filed concurrently statements of facts, as required by Local Civil Rule 7.1(b)(1) and (c)(2).

DATED this 19th day of June 2014.

Respectfully submitted,

/s/ James M. Manley
James M. Manley, Esq. (CO No. 40327)
(*admitted pro hac vice*)
Steven J. Lechner, Esq. (CO No. 19853)
(*admitted pro hac vice*)
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
jmanley@mountainstateslegal.com
lechner@mountainstateslegal.com

John L. Runft, Esq. (ISB No. 1059)
Runft and Steele Law Offices, PLLC
1020 West Main Street, Suite 400
Boise, Idaho 83702
(208) 333-8506
(208) 343-3246 (facsimile)
jrunft@runftsteele.com

Attorneys for Plaintiffs

SER20

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of June, 2014, I filed the foregoing

electronically through the CM/ECF system, which caused the following parties or counsel to be

served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Joanne P. Rodriguez
Assistant United States Attorney
District Of Idaho
Washington Group Plaza IV
800 East Park Boulevard, Suite 600
Boise, ID 83712-7788
Joanne.Rodriguez@Usdoj.gov

Daniel Riess
Trial Attorney
U.S. Department of Justice Civil Division, Rm. 6122
20 Massachusetts Avenue, NW
Washington, D.C. 20530
Daniel.Riess@usdoj.gov

/s/ James M. Manley
James M. Manley, Esq.

James M. Manley, Esq. (CO No. 40327)
(*admitted pro hac vice*)
Steven J. Lechner, Esq. (CO No. 19853)
(*admitted pro hac vice*)
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
jmanley@mountainstateslegal.com
lechner@mountainstateslegal.com

John L. Runft, Esq. (ISB No. 1059)
Runft and Steele Law Offices, PLLC
1020 West Main Street, Suite 400
Boise, Idaho 83702
(208) 333-8506
(208) 343-3246 (facsimile)
jrunft@runftsteele.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELIZABETH E. MORRIS and ALAN C. BAKER,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>U.S. ARMY CORPS OF ENGINEERS, *et al.*,<br><br>　　　　　　Defendants. | Case No. 3:13-CV-00336-BLW<br><br>**PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS** |

Pursuant to Local Civil Rule 7.1(b)(1), Plaintiffs submit this statement of undisputed

material facts in support of their Motion for Summary Judgment.

　　　1.　　　Defendant U.S. Army Corps of Engineers ("the Corps"), under the direction of

the Chief of Engineers and the supervision of the Secretary of the Army, is authorized to

1

SER22

"operate public park and recreational facilities at water resource development projects under the control of the Department of the Army . . . ." 16 U.S.C. § 460d.

2.     The Corps is the largest provider of water-based outdoor recreation in the nation. It administers 422 lake and river projects in 43 states, spanning 12 million acres, 55,000 miles of shoreline, 4,500 miles of trails, 90,000 campsites, and 3,400 boat launch ramps. Corps-administered waters provide 33 percent of all U.S. freshwater fishing. http://www.usace.army.mil/Missions/CivilWorks/Recreation.aspx; Complaint For Declaratory And Injunctive Relief ("Compl.") (Dkt. 1) ¶ 15; Answer To Complaint For Declaratory And Injunctive Relief ("Answer") (Dkt. 46) ¶ 15.

3.     Defendant John McHugh is the Secretary of the Army. Defendant McHugh is responsible for the administration of the public park and recreational uses at water resource development projects under the control of the Department of the Army. Compl. ¶ 16; Answer ¶ 16.

4.     Defendant Lieutenant General Thomas Bostick is the Commanding General and Chief of Engineers for the Army Corps of Engineers. Defendant Bostick is responsible for the administration of the public park and recreational uses at water resource development projects under the control of the Department of the Army. Compl. ¶ 17; Answer ¶ 17.

5.     Defendant Colonel John S. Kem is the Northwestern Division Commander. Defendant Kem is responsible for the administration of the public park and recreational uses in the Northwestern Division. Compl. ¶ 18; Answer ¶ 18.

6.     Defendant Lieutenant Colonel Andrew D. Kelly is the Walla Walla District Commander and District Engineer. Defendant Kelley is responsible for the administration of the public park and recreational uses in the Walla Walla District. Compl. ¶ 19; Answer ¶ 19.

SER23

7.     Defendants prohibit law-abiding citizens from possessing functional firearms on Corps-administered public lands for the purpose of self-defense.  Compl. ¶ 24; 36 C.F.R. § 327.13; Feb. 19, 2010, Email of Michael Ensch (Dkt. 8).

8.     Corps park rangers are not law enforcement officers.  AR at 0000043–45.

9.     Surveys collected between 1994–96 of Corps park rangers' self-reported interactions with visitors did not address law-abiding individuals carrying firearms for self-defense.  AR at 0000558; 0000675; 0001090.

10.    At least 80 percent of Corps projects have cooperative agreements that allow state and local law enforcement to patrol Corps lands.  AR at 0000570; 0000051–52.

11.    The existence of law enforcement agreements helps to guarantee that local law enforcement officials assist with law enforcement at Corps projects.  AR at 0000570.

12.    A majority of Corps employees surveyed agreed that law enforcement agreements with state and local law enforcement were very adequate or adequate.  *Id.*

13.    The number of Corps employees surveyed who indicated that they had trouble contacting law enforcement authorities was "not statistically significant."  *Id.*

14.    Security personnel do not screen persons entering Corps-administered public lands to determine whether persons are carrying firearms or weapons of any kind.  Compl. ¶¶ 30, 40; Answer ¶¶ 30, 40.

15.    Security personnel do not restrict access to Corps-administered public lands to only those persons who have been screened and determined to be unarmed.  Compl. ¶¶ 31, 41; Answer ¶¶ 31, 41.

16.    Defendants have not formally proposed revisions to 36 C.F.R. § 327.13 in light of or subsequent to the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570

SER24

(2008). *See Morris v. U.S. Army Corps of Engineers*, No. 3:13-CV-00336-BLW, Index to the Administrative Record.

17.     Plaintiff Alan C. Baker is a citizen of the United States and a resident of Latah County, Idaho.  Declaration of Alan C. Baker (Dkt. 9) ¶ 2.

18.     Mr. Baker is a NRA-Certified Home Firearm Safety, Personal Protection In The Home, Rifle, Pistol, and Shotgun Instructor, as well as a Utah-certified Concealed Firearms Instructor.  *Id.* ¶ 3.

19.     Mr. Baker has concealed handgun licenses from the States of Idaho, Utah, Oregon, and Arizona.  *Id.*

20.     Mr. Baker regularly camps and hunts in Idaho and has plans to camp on Corps-administered public lands.  *Id.* ¶¶ 6, 8, 11, 12.

21.     Dworshak Dam and Reservoir was constructed in 1972.  It is located on the North Fork Clearwater River in Clearwater County, Idaho.  It is located in the Walla Walla District.  Compl. ¶ 27; Answer ¶ 27.

22.     Dworshak Dam and Reservoir's Dent Acres Campground is a Corps-administered campground with 50 campsites, and it accommodates both tents and recreational vehicles.  The day use area of the campground provides picnic tables, group shelters, grills, drinking water, showers, a boat launch, and other amenities.  Compl. ¶ 28; Answer ¶ 28.

23.     Mr. Baker regularly carries a handgun for self-defense.  Baker Declaration (Dkt. 9) ¶ 5.

24.     On March 22, 2013, Mr. Baker secured a reservation for a campsite at Dent Acres Campground for May 31, 2013 to June 2, 2013.  *Id.* ¶ 8.

SER25

25.     On April 22, 2013, Mr. Baker's counsel contacted District Commander Kelley to request that he recognize Mr. Baker's right to bear arms pursuant to 36 C.F.R. § 327.13(a)(4). Baker Declaration (Dkt. 9) ¶ 9; Compl. ¶ 32; Answer ¶ 32.

26.     Given Mr. Baker's scheduled trip to Dent Acres, he requested a response to his letter within 30 calendar days of its delivery to District Commander Kelley.  Baker Declaration (Dkt. 9) ¶ 9.

27.     Mr. Baker has received no response.  *Id.* ¶ 10; Compl. ¶ 33; Answer ¶ 33.

28.     On May 31, 2013, Mr. Baker camped at Dent Acres as planned, but could not exercise his right to keep and bear arms due to Defendants' active enforcement of 36 C.F.R. § 327.13.  Baker Declaration (Dkt. 9) ¶ 11.

29.     On several occasions, Mr. Baker has camped on Corps-administered public lands, including Chief Timothy Park at Lower Granite Lake and Dent Acres Campground at Dworshak Dam and Reservoir.  Second Declaration of Alan C. Baker (Dkt. 33-1) ¶ 3.

30.     On November 1, 2013, to November 2, 2013, Mr. Baker stayed at Chief Timothy Park at Lower Granite Lake, but could not exercise his right to keep and bear arms due to Defendants' active enforcement of 36 C.F.R. § 327.13.  *Id.* ¶ 8.

31.     Mr. Baker has concrete plans to camp on Corps-administered public lands in the future.  *Id.* ¶ 4.

32.     Plaintiff Elizabeth E. Morris is a citizen of the United States and a resident of Nez Perce County, Idaho.  Declaration of Elizabeth E. Morris (Dkt. 10) ¶ 2.

33.     Due to threats and physical attacks made against her by a former neighbor, the Nez Perce County Sheriff issued Ms. Morris an emergency license to carry a concealed handgun in 2012.  *Id.* ¶ 3.

SER26

34.     Ms. Morris regularly carries a handgun for self-defense. *Id.* ¶ 5.

35.     Ms. Morris uses Corps-administered public lands near the Snake River in Lewiston, Idaho, to boat with friends, she regularly walks Corps-administered paths in the area with her dog and/or her family, and she must travel across Corps-administered land to reach Hells Gate State Park. *Id.* ¶ 8.

36.     These Corps-administered public lands are in the Walla Walla District and include the Lower Granite Lake Greenbelt Trail, Swallows Park, the Lewiston Levee Parkway, and the Lewiston Levee Recreation Trail. *Id.* ¶ 9.

37.     Ms. Morris also frequents Dworshak Reservoir and the surrounding areas to hike. *Id.* ¶ 10.

38.     Ms. Morris has considered camping at Dworshak Reservoir, but has decided not to because Corps regulations make it unlawful for her to possess a functional firearm while camping. *Id.* ¶ 11.

39.     In summer 2012, Ms. Morris used Corps-administered public lands approximately 1–2 times a week. *Id.* ¶ 12.

40.     Ms. Morris did exactly the same in summer 2013 and plans to continue to do so in the future. *Id.* ¶ 13.

41.     On June 10, 2013, Ms. Morris's counsel contacted District Commander Kelley to request that he recognize Ms. Morris's right to bear arms pursuant to 36 C.F.R. § 327.13(a)(4). *Id.* ¶ 16.

42.     Given Ms. Morris's practice of regularly recreating on Corps-administered public lands during the summertime, she requested a response to her letter within 30 calendar days of its delivery to District Commander Kelley. *Id.* ¶ 16.

6

43.     Ms. Morris has received no response. *Id.* ¶ 17.

44.     Ms. Morris also uses Corps-administered public lands in the Walla Walla District at least once per week during the winter, including the Lower Granite Lake Greenbelt Trail, Swallows Park, the Lewiston Levee Parkway, and the Lewiston Levee Recreation Trail.  Second Declaration of Elizabeth E. Morris  (Dkt. 33-2) ¶¶ 3–5.

DATED this 19th day of June 2014.

Respectfully submitted,

/s/ James M. Manley
James M. Manley, Esq. (CO No. 40327)
(*admitted pro hac vice*)
Steven J. Lechner, Esq. (CO No. 19853)
(*admitted pro hac vice*)
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
jmanley@mountainstateslegal.com
lechner@mountainstateslegal.com

John L. Runft, Esq. (ISB No. 1059)
Runft and Steele Law Offices, PLLC
1020 West Main Street, Suite 400
Boise, Idaho 83702
(208) 333-8506
(208) 343-3246 (facsimile)
jrunft@runftsteele.com

Attorneys for Plaintiffs

7

SER28

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of June, 2014, I filed the foregoing

electronically through the CM/ECF system, which caused the following parties or counsel to be

served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Joanne P. Rodriguez
Assistant United States Attorney
District Of Idaho
Washington Group Plaza IV
800 East Park Boulevard, Suite 600
Boise, ID 83712-7788
Joanne.Rodriguez@Usdoj.gov

Daniel Riess
Trial Attorney
U.S. Department of Justice Civil Division, Rm. 6122
20 Massachusetts Avenue, NW
Washington, D.C. 20530
Daniel.Riess@usdoj.gov

/s/ James M. Manley
James M. Manley, Esq.

James M. Manley, Esq. (CO No. 40327)
(*admitted pro hac vice*)
Steven J. Lechner, Esq. (CO No. 19853)
(*admitted pro hac vice*)
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
jmanley@mountainstateslegal.com
lechner@mountainstateslegal.com

John L. Runft, Esq. (ISB No. 1059)
Runft and Steele Law Offices, PLLC
1020 West Main Street, Suite 400
Boise, Idaho 83702
(208) 333-8506
(208) 343-3246 (facsimile)
jrunft@runftsteele.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELIZABETH E. MORRIS and ALAN C. BAKER, | |
| Plaintiffs, | Case No. 3:13-CV-00336-BLW |
| v. | **PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS** |
| U.S. ARMY CORPS OF ENGINEERS, *et al.*, | |
| Defendants. | |

Pursuant to Local Civil Rule 7.1(c)(2), Plaintiffs submit this response to Defendants'

Statement of Material Facts (Dkt. 52-2), using the same paragraph numbering found in

Defendants' Statement.  Plaintiffs do not concede the materiality, relevance, or admissibility of

anything contained in or referenced by Defendants' Statement.

    1.      Undisputed.

SER30

2.      Disputed, to the extent ¶ 2 conflicts with or misrepresents information contained in ¶ 3 of Defendants' Statement of Material Facts.

3.      Disputed, to the extent ¶ 3 conflicts with or misrepresents information contained ¶ 2 of Defendants' Statement of Material Facts.

4.      Undisputed that ¶ 4 reflects the opinion of Stephen B. Austin.

5.      Undisputed.

6.      Undisputed.

7.      Undisputed.

8.      Disputed, to the extent ¶ 8 suggests "important infrastructure such as dams and levees" are "open to the public." *See* AR at 0001148 ("At many Visitor Centers, adjacent facilities such as powerhouses, may require restricted access which will be controlled by others. Additional security for these areas may be provided by the Park Ranger staff or contract law enforcement personnel.").

9.      Undisputed.

10.      Undisputed, with the qualification that "critical dam assets are owned by private entities, federal agencies, and state and local governments. Dam assets are regulated by a variety of entities." U.S. Department of Homeland Security, Office of Inspector General, DHS Risk Assessment Efforts in the Dams Sector (2011), at 2, *available at* http://www.oig.dhs.gov/assets/Mgmt/OIG_11-110_Sep11.pdf.

11.      Undisputed.

12.      Undisputed.

13.      Undisputed that ¶ 13 substantially reflects a statement contained in the "VISITOR AND RANGER SAFETY REVIEW FINAL REPORT - SEPTEMBER 1995." AR at 0000613.

SER31

14.     Undisputed that ¶ 14 reflects the opinion of Stephen B. Austin.

15.     Undisputed that ¶ 15 reflects the opinion of Stephen B. Austin.

16.     Undisputed that ¶ 16 reflects the opinion of Stephen B. Austin.

17.     Undisputed that ¶ 17 reflects the opinion of Stephen B. Austin.

18.     Undisputed.

19.     Disputed to the extent that ¶ 19 suggests that the cited sources draw any comparisons between Corps-managed lands and "U.S. National Park Service recreational areas." Rather, "[i]t is important to note here that a comparative analysis cannot be performed between the Corps and other Federal land management agencies. *Poor record keeping on the part of the Corps has precluded such an analysis*." AR at 0000660; 0000676 (emphasis added).

20.     Undisputed that ¶ 20 reflects the opinion of Stephen B. Austin.

21.     Undisputed.

22.     Undisputed.

23.     Undisputed, with the qualification that "[i]t is important to note here that a comparative analysis cannot be performed between the Corps and other Federal land management agencies. Poor record keeping on the part of the Corps has precluded such an analysis." AR at 0000660; 0000676.

24.     Undisputed, with the qualification that "[i]t is important to note here that a comparative analysis cannot be performed between the Corps and other Federal land management agencies. Poor record keeping on the part of the Corps has precluded such an analysis." AR at 0000660; 0000676.

25.     Undisputed, with the qualification that "[i]t is important to note here that a comparative analysis cannot be performed between the Corps and other Federal land

SER32

management agencies.  Poor record keeping on the part of the Corps has precluded such an analysis." AR at 0000660; 0000676.

26.     Undisputed, with qualification that the survey did not report any unsafe or dangerous situations as the result of law-abiding individuals carrying firearms for self-defense. *See* AR at 0001090.

27.     Undisputed that ¶ 27 reflects the opinion of Stephen B. Austin.

28.     Undisputed and demonstrates that the Corps' complaint is with Congress, not the requirements of the Second Amendment.

29.     Undisputed that ¶ 29 reflects the opinion of Stephen B. Austin and demonstrates that the Corps' complaint is with Congress, not the requirements of the Second Amendment.

30.     Undisputed that ¶ 30 reflects the opinion of Stephen B. Austin.

31.     Undisputed.


DATED this 19th day of June 2014.

Respectfully submitted,

/s/ James M. Manley
James M. Manley, Esq. (CO No. 40327)
(*admitted pro hac vice*)
Steven J. Lechner, Esq. (CO No. 19853)
(*admitted pro hac vice*)
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
jmanley@mountainstateslegal.com
lechner@mountainstateslegal.com

John L. Runft, Esq. (ISB No. 1059)
Runft and Steele Law Offices, PLLC
1020 West Main Street, Suite 400
Boise, Idaho 83702

SER33

(208) 333-8506
(208) 343-3246 (facsimile)
jrunft@runftsteele.com

Attorneys for Plaintiffs

SER34

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 19th day of June, 2014, I filed the foregoing

electronically through the CM/ECF system, which caused the following parties or counsel to be

served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Joanne P. Rodriguez
Assistant United States Attorney
District Of Idaho
Washington Group Plaza IV
800 East Park Boulevard, Suite 600
Boise, ID 83712-7788
Joanne.Rodriguez@Usdoj.gov

Daniel Riess
Trial Attorney
U.S. Department of Justice Civil Division, Rm. 6122
20 Massachusetts Avenue, NW
Washington, D.C. 20530
Daniel.Riess@usdoj.gov

/s/ James M. Manley
James M. Manley, Esq.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

ELIZABETH E. MORRIS; and
ALAN C. BAKER,

                Plaintiffs,

      v.

U.S. ARMY CORPS OF
ENGINEERS, *et al.*,

              Defendants.

Case No. 3:13-CV-00336-BLW

**JUDGMENT**

In accordance with the Memorandum Decision filed with this Judgment,

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED, that the plaintiffs' motion for summary judgment (docket no. 54) is

GRANTED and the defendants' motion for summary judgment (docket no. 52) is

DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that 36 C.F.R. §

327.13 violates the Second Amendment and is declared unconstitutional.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that defendants

are enjoined from enforcing 36 C.F.R. § 327.13 on any Corps' property in Idaho.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that Clerk close

this case.



DATED: October 13, 2014

B. Lynn Winmill
Chief Judge
United States District Court

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on this 8th day of July 2015.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated this 8th day of July 2015.

/s/ Steven J. Lechner
Steven J. Lechner
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
lechner@mountainstateslegal.com

Attorney for Plaintiffs-Appellees